BRADFORD, EXECUTOR OF READ, ET AL., *vs.* MARVIN & MARTIN.

A cause in Chancery cannot be brought to this Court by *Writ of Error.*

Error to St. John's Circuit Court.

Motion to dismiss the writ on the ground that the cause (being in Chancery) may be brought to this Court by Appeal only.

*Forward & Fairbanks,* for the Motion.

*J. & L. Branch,* Contra.

BALTZELL, Justice :

This case is brought here by writ of error, and a motion is made to dismiss it on the ground that a case in Chancery may be brought to this Court by Appeal only.

By the common law, a suit at law, after judgment, may be removed by writ of error only to this Court, whilst by the practice in cases in Chancery obtaining according to the course of the civil law, an Appeal is the appropriate remedy for removing a suit in Chancery after Decree. Ward *vs.* Gregory, 7 Peters, 453. The statute law has so far made an alteration as to allow Appeals in common law cases, but we are not aware of any provision extending the writ of error to cases in Chancery. The statute in reference to Appeals and writs of error declared that " the writ of error shall issue as a matter of right," obviously leaving the writ as it then was by law, and making a reference necessary to the common law to determine the character of the cases to which it was applicable. Other clauses of the statute support the conclusion that the writ was considered as inapplicable to cases in Chancery, thus the form of the bond in case of supersedeas is for " the due prosecution of the suit *in error ;* and in case of the affirmance of the *judgment,* to pay the defendant in error the condemnation and costs." The tenth section provides that " writs of error on judgments in civil actions shall be sued out within two years from the date of said judgments."

This view is still farther confirmed by the act of 11th February, 1832, entitled an act to amend an act to regulate proceedings in Chancery, which declares that a party plaintiff or defendant may

Appeal from a Decree at any time within two years, and for a super-sedeas upon an order of one of the judges, thus extending the former law providing that Appeal should be taken in term time, or within ten days thereafter.   Duval, 108, 138.

We are then of opinion that the writ of error may not be used as a process to remove a case in Chancery to this Court, and for this reason the writ must be dismissed.